UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

HELEN INGLE, )
)
        Plaintiff, )
)
v. )
) No. 1:05-CV-347
) Chief Judge Curtis L. Collier
POLK COUNTY SCHOOL SYSTEM )
)
        Defendant. )
)

## **ORDER**

Before the Court is Defendant Polk County School System's ("Defendant") motion for an extension of time to file dispositive motions and complete discovery depositions (Court File No. 11). As cause, Defendant states the Court's scheduling order requires the parties to file dispositive motions prior to the completion of discovery, and Defendant has voluminous affidavits to attach to its motion for summary judgment but has been unable to obtain signatures of several of the affiants since they are employees of the Polk County School System and are out of town due to spring break. Plaintiff Helen Ingle ("Plaintiff") filed a response in opposition to Defendant's motion arguing the motion was filed after the dispositive motion deadline elapsed and "without action for almost a year since the scheduling conference" (Court File No. 12).

The Court notes Defendant's motion was filed on the day dispositive motions were due and not after the time for such motions elapsed. Nonetheless, the reasons given by Defendant are not sufficient to warrant an extension. When the Court holds a scheduling conference, it informs counsel for both parties they have free reign to pick the deadlines pertaining to the case since they know what is necessary to prepare the case for trial, their schedules, and their client's schedules

better than the Court. With that in mind, the Court cautions counsel the dates will not be easily changed. After the conference, the Court issues a written order confirming the dates selected by counsel. In this context, Defendant's argument the Court's scheduling order "requires" the parties to file dispositive motions prior to the completion of discovery is something of an overstatement. Rather than this date being set by the Court, the parties themselves chose to set a dispositive motion deadline within the realm of discovery. For whatever reason, the parties determined at the scheduling conference this date best fit their interests. Once they picked this date, the Court incorporated it into its schedule for this case and based its planning and calendar on that date. Having selected this date, Defendant cannot now use that as a reason for an extension.

Furthermore, the second reason given by Defendant is not persuasive. Difficulties in obtaining signatures is not seen as a compelling reason to ignore previously agreed upon dates. Therefore, the Court **DENIES** Defendant's motion (Court File No. 11) but in the interest of fairness **ORDERS** Defendant to file its motion upon receipt of this order.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**